UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BLAKE FLOYD COZZENS,<br><br>Plaintiff,<br>v.<br><br>WASHINGTON COUNTY, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL<br><br>Case No. 4:26-cv-00122 -PK<br><br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion to Seal.[1] Plaintiff seeks to seal this case or, alternatively, seal portions of documents he has submitted. For the reasons discussed below, the Motion is granted in part and denied in part.

"In the United States, there is both a constitutional (First Amendment) and common law right of public access to judicial documents."[2] However, this right is "not absolute."[3] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[4] "'The party seeking to overcome the

[1] Docket No. 3, filed October 13, 2026.

[2] *Veleron Holding, B.V. v. Stanley*, No. 12 Civ. 5966(CM), 2014 WL 1569610, at *6 (S.D.N.Y. Apr. 16, 2014); *see also United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020) ("Courts have long recognized a common-law right of access to judicial records.") (internal quotation marks and citation omitted).

[3] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (internal quotation marks and citation omitted).

[4] *Id.* (internal quotation marks and citation omitted).

presumption' of public access to [court] documents 'bears the burden of showing some significant interest that outweighs the presumption.'"[5]

Turning first to Plaintiff's request to seal his case, the Court finds that he has failed to meet his burden to demonstrate that the entire case should be sealed. While the case concerns Plaintiff's medical treatment while incarcerated, the presumption of openness has not been overcome by this broad request.

Next, with respect to Plaintiff's request to seal the medical records attached to his Complaint, the Court finds that Plaintiff has met his burden to overcome the presumption of openness. Courts routinely grant requests to seal personal medical records.[6] Because the majority of the exhibits attached to the Complaint concern Plaintiff's medical treatment, the Court orders those exhibits be sealed.

Finally, with respect to the information contained in Plaintiff's request to proceed in forma pauperis, the Court notes that the potential for reputational harm is typically not enough to overcome the heavy presumption in favor of keeping court records open to the public.[7] Any sensitive personal information revealed in Plaintiff's IFP Motion—such as his difficult financial circumstances—only has the potential for reputational harm, which is not a sufficient basis to seal the records. As such, the Court declines to seal it.

---

[5] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[6] *See Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017).

[7] *See Miller v. Fluent Home, LLC*, No. 2:20-CV-00641-JCB, 2020 WL 5659051, at *1–2 (D. Utah Sept. 23, 2020) (denying motion to seal despite defendant's claim of reputational harm).

It is therefore

ORDERED that Plaintiff's Motion to for Reconsideration (Docket No. 3) is GRANTED IN PART AND DENIED IN PART. The Clerk is directed to seal the exhibits Plaintiff attached to his Complaint.

DATED this 14th day of October, 2026.

BY THE COURT:

PAUL KOHLER
United States District Judge