UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BLAKE FLOYD COZZENS,<br><br>Plaintiff,<br>v.<br><br>WASHINGTON COUNTY, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS UNDER SEAL<br><br>Case No. 4:26-cv-00122-RJS-PK<br><br>District Judge Robert J. Shelby<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion for Leave to File Supplemental Exhibits Under Seal.[1] Plaintiff seeks to seal documents submitted with his opposition to Defendants' motion to dismiss. For the reasons discussed below, the Motion is granted.

"In the United States, there is both a constitutional (First Amendment) and common law right of public access to judicial documents."[2] However, this right is "not absolute."[3] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[4] "'The party seeking to overcome the

[1] Docket No. 38, filed November 19, 2026.

[2] *Veleron Holding, B.V. v. Stanley*, No. 12 Civ. 5966(CM), 2014 WL 1569610, at *6 (S.D.N.Y. Apr. 16, 2014); *see also United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020) ("Courts have long recognized a common-law right of access to judicial records.") (internal quotation marks and citation omitted).

[3] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (internal quotation marks and citation omitted).

[4] *Id.* (internal quotation marks and citation omitted).

presumption' of public access to [court] documents 'bears the burden of showing some significant interest that outweighs the presumption.'"[5]

As noted, Plaintiff seeks to seal the medical records related to his treatment while incarcerated. Courts routinely grant requests to seal personal medical records.[6] Based on the types of documents provided, the Court finds that Plaintiff has met his burden to overcome the presumption of openness and orders those exhibits be sealed.

It is therefore

ORDERED that Plaintiff's Motion for Leave to File Supplemental Exhibits Under Seal (Docket No. 38) is GRANTED.

DATED this 20th day of November, 2026.

BY THE COURT:

PAUL KOHLER
United States District Judge

---

[5] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[6] *See Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017).